# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

No. 97-20768
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVEN JOSEPH GARZA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(H-92-CR-238-2)

September 14, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Steven Joseph Garza, a former police officer, appeals his conviction for conspiracy to possess

with intent to distribute cocaine and for use of a communication facility to commit a felony. He

argues that the district court abused its discretion in denying his motion to sever his trial from that

of his codefendant Gatewood, also a former police officer. Garza argues that he was prejudiced by

the district court's admission of evidence concerning Gatewood's prior bad acts including

Gatewood's theft of money from a murdered drug dealer. We affirm.

In *United States v. Musquiz*,[2] we rejected the identical argument raised by Gilbert Martinez

Musquiz, a codefendant of Garza and Gatewood. We wrote:

"Defendants who are indicted together generally should be tried together, particularly in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2]    45 F.3d at 927 (5th Cir. 1995).

conspiracy cases. 'A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. . . .' We review for abuse of discretion. Here, the district court was well within its discretion in relying on limiting instructions. We presume that jurors follow the law. Evidence of one defendant's past crimes 'does not ordinarily justify severance,' even though it is inadmissible against a codefendant. The prosecutor did not try to ascribe Gatewood's theft to Musquiz. In light of the explicit limiting instruction, the claimed link between the conspiracy instruction and the spillover guilt is too tenuous to amount to a serious risk of prejudice. There was no abuse of discretion."[3]

This reasoning applies equally to Garza's argument for severance. His position as a former police officer is not sufficient to justify treatment different from that of his codefendant. The district court did not err in denying Garza's motion.

The judgment of the district court is AFFIRMED.

---

[3] *Id*. at 931 (internal citations omitted).